**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 288-1610
minute_entries@phillipslaw.com

John L. Collins
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
TREY DAYES
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com
DAWN SAUER
Arizona Bar No. 030271
dawns@phillipsdayeslaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JIMMIE R. OWENS,<br><br>                    Plaintiff,<br><br>       vs.<br><br>J.P. & SONS CONTRACTING, Inc., an Arizona corporation; and Joseph Perkins, Jr., and Jane Doe Perkins, husband and wife,<br><br>                    Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Jimmie R. Owens, by and through John L. Collins, Trey Dayes, and Dawn M. Sauer, of and for the PHILLIPS DAYES LAW GROUP PC, for Jimmie R. Owens Complaint against Defendant J. P. and Sons Contracting avers as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. For at least three years prior to the filing of this action, Defendant had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least three years prior to the filing of this action, Plaintiff worked at least forty hours in excess of forty (40) hours per week and was not paid time and one-

half.

6. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendants reside within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff Jimmie R. Owens was and continues to be a resident of Maricopa County, Arizona.

10. On information and belief, at all times material hereto, Defendant J.P & Sons Contracting, Inc., (herein as "JPS") was and continues to be an entity organized under the law of the State of Arizona, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

11. On information and belief, at all times material hereto, Defendant Joseph Perkins, Jr., was and continues to be a resident of Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

12. On information and belief, Defendant Joseph Perkins, Jr., and Defendant Jane Doe Perkins are husband and wife.

13. On information and belief, Defendant Joseph Perkins, Jr., engaged in conduct complained of herein for the benefit of his marital community, for which the marital community is liable.

14. On information and belief, Defendant Joseph Perkins, Jr., made all managerial and operational decisions on behalf of the business.

15. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

16. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

17. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

18. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

19. All Defendants are co-equally liable for all matters.

20. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

21. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

22. Defendants provide construction and remodeling assistance pursuant to a contract with KinderCare centers across the United States and send their employees to perform various construction jobs at the different KinderCare centers.

23. Defendants hired Plaintiff to work as a manual construction laborer on its construction crews in February 2010.

24. At the outset of his employment, Defendants instructed Plaintiff that they did not pay any overtime compensation. Instead, Defendants paid Plaintiff at his regular rate of pay for each of his first eighty hours worked each week and moved all hours worked in excess of eighty hours into the next week, allowing Plaintiff to "bank" his time worked in excess of eighty hours per week.

25. Then, Defendants would pay Plaintiff his banked hours up to eighty hours per week for time that Plaintiff was on vacation or otherwise was not working.

26. Defendants paid Plaintiff his banked hours at only his regular rate of pay.

27. In 2012, Defendants began paying Plaintiff for only eighty hours of time worked, regardless of the amount of time Defendants required Plaintiff to work.

28. At no time did Defendants pay Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty hours per week.

29. The vast majority of Plaintiff's duties and time were spent performing construction activities and manual labor. He performed administrative duties, including payroll, only approximately one hour every two weeks.

30. Plaintiff has retained the law firm of Phillips Dayes Law Group PC to prosecute his claims as asserted herein and has agreed to pay costs and a reasonable attorney's fee for such services.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

31. Plaintiff incorporates and adopts paragraphs 1 through 30 above as if fully set forth herein.

32. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

33. Plaintiff was a non-exempt employee.

34. Defendants have intentionally failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

35. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and their other employees in accordance with 29 U.S.C. § 207.

36. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

37. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

38. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

39. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

40. Defendants have not made a good faith effort to comply with the FLSA.

41.   Plaintiff has been required to bring this action to recover his federal minimum wages remaining due and unpaid, and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Awarding Plaintiff overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rates of pay while at work for Defendants, in an amount proved at trial;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

42. Plaintiff incorporates and adopts paragraphs 1 through 41 above as if fully set forth herein.

43. Plaintiff and Defendants have an overtime dispute pending pursuant to the FLSA.

44. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

45. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a. Defendants employed Plaintiff.

    b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

    c. Plaintiff individually is covered by the overtime provisions of the FLSA.

    d. Plaintiff is an employee not exempt from the overtime provisions of the FLSA.

    e. Plaintiff worked in excess of forty hours per week while employed by Defendants.

    f. Defendants failed and refused to pay Plaintiff at a rate of one and one-half times his regular hourly rate for each hour worked in excess of forty hours per week, contrary to the overtime provisions of the FLSA.

    g. Defendants' failures and refusals to properly compensate Plaintiff for his overtime work were willful.

    h. Plaintiff is entitled to recover an amount equal to one and one-half times his regular rate of pay for each hour worked in excess of forty hours per week.

    i. Plaintiff is entitled to an additional, equal amount as liquidated damages.

    j. Plaintiff is entitled to recover his costs in pursuing this action and his reasonable attorneys' fees.

46. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

47. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

    b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

    c. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: November 22, 2013.

>Respectfully submitted,
>
>**PHILLIPS DAYES LAW GROUP PC**
>
>By: /s/ John L. Collins
>     John L. Collins
>     Arizona Bar No. 030351
>     johnc@phillipsdayeslaw.com
>     Attorney for Plaintiffs